051778/21723/MHW/JJL

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEYSHAWN FREEMAN, et al. | Case Number 23-cv-04250 |
| Plaintiffs, | |
| v. | Hon. LaShonda A. Hunt |
| JAMES DAWSON, et al. | Magistrate Judge Jeffrey T. Gilbert |
| Defendants. | |

## UNOPPOSED JOINT MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C.S. § 1404 AND TO STAY RESPONSIVE PLEADINGS UNTIL THE CASE IS TRANFERRED

NOW COMES Defendants, WEXFORD HEALTH SOURCES, INC., by and through its attorneys, MATTHEW H. WELLER and JOSEPH J. LOMBARDO of CASSIDAY SCHADE LLP; PRESCISE SPECIALTIES, INC., and JAMES DAWSON, by and through their attorneys, Brian J. Riordan of Claussen Miller, P.C.; and CHERYLLE HINTHORNE, by and through their attorneys the OFFICE OF THE ILLINOIS ATTORNEY GENERAL, and pursuant to 28 U.S.C.S. § 1404, move to transfer this matter from the Federal District Court for the Northern District of Illinois, Eastern Division ("Northern District") to the Federal District Court for the Central District of Illinois ("Central District"), as well as to stay responsive pleadings for fourteen (14) days after the case is transferred to the Central District. In support thereof, Defendants state as follows:

### I. Introduction

1. On June 30, 2023, Plaintiffs, KEYSHAWN FREEMAN, REYNADA JONES, HERBIE MCBRIDE, MARIO FROYLAN, DARCELL PRINCE, and JAMES HUGHES, filed their Complaint alleging that Defendant Dawson sexually assaulted them and that the remaining Defendants allowed it to happen. (ECF #1). The alleged sexual assaults all took place at Illinois River Correctional Center ("IRCC"). *Id.* at ¶ 4.

2.      IRCC is located in the City of Canton, County of Fulton, State of Illinois. Fulton County is within the geographical boundaries of the Central District.[1]

## II.     *Analysis*

3.      Congress enacted the federal change of venue statute, 28 U.S.C.S. § 1404, to "allow a district court to transfer an action filed in a proper, though not necessarily convenient, venue to a more convenient district." *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 977 (7th Cir. 2010).  Section 1404(a) of the statute states:

> "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  *28 U.S.C.S. § 1404(a).*

4.      The Supreme Court directs that 28 U.S.C.S. § 1404(a) "is intended to place discretion in the district court to adjudicate motions for transfer according to [a] '…case-by-case consideration of convenience and fairness.'" *Stewart Organization, Inc. v. Ricoh Corp*., 487 U.S. 22, 29 (1988), *quoting Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964). In deciding the instant motion, this Court may evaluate the particular circumstances of this case and may exercise discretion to consider "all factors relevant to convenience and/or the interests of justice." *Research Automation*, 626 F.3d at 978. The Seventh Circuit has recognized that 28 U.S.C.S. § 1404 allows for a "flexible and individualized analysis and affords district courts the opportunity to look beyond a narrow or rigid set of considerations in their determinations." *Research Automation*, 626 F.3d at 978, *quoting Stewart,* 487 U.S. at 29.

5.      Defendants request that this Honorable Court exercise its discretion pursuant to 28 U.S.C.S. § 1404 and transfer this matter to the Central District for all further proceedings. All of

---

[1]https://www.justice.gov/usao-cdil/district

the alleged unconstitutional acts of inadequate medical treatment took place within the boundaries of the Central District. Moreover, based upon the parties' initial investigation, the overwhelming majority of potential individual defendants and witnesses live within or near the boundaries of the Central District, and in any event, not the Northern District. As such, it would be much more convenient for the non-party witnesses and current/future parties to litigate this case in the Central District.

6.      If the Court exercises its discretion and transfers the case, a new set of attorneys will be handling the case for each set of Defendants. Thus, in furtherance of efficiency and judicial economy, Defendants request that the responsive pleadings deadline be extended to 14 days from the time of the transfer and assignment to a judge in the Central District.

7.      Counsel for Defendants have conferred with counsel for Plaintiffs and there is no objection to the present motion.

WHEREFORE, Defendant, WEXFORD HEALTH SOURCES, INC., respectfully requests that this Honorable Court grant the following relief:

1)      That this case be transferred, *instanter*, to the United States District Court for the Central District of Illinois for all further proceedings; and,

2)      The responsive pleadings deadline be extended to fourteen (14) days from the time that a judge in the Central District is assigned to the case.

3

Respectfully submitted,

CASSIDAY SCHADE LLP


By:   /s/ *Joseph J. Lombardo*
      Matthew H. Weller
      Joseph J. Lombardo
      Attorneys for Defendant,
      WEXFORD HEALTH SOURCES, INC.
      222 W. Adams Street, Suite 2900
      Chicago, IL 60606
      (312) 641-3100
      (312) 444-1669 – Fax
      mweller@cassiday.com
      jlombardo@cassiday.com


By:   /s/ *Brian Riordan*
      Attorneys for Defendants,
      PRESCISE  SPECIALTIES, INC., and JAMES
      DAWSON


By:   /s/ *James Robinson*
      Attorneys for Defendant,
      CHERYLLE HINTHORNE

## CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2023, I electronically filed the foregoing document with the clerk of the court for the Northern District of Illinois, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of E-Filing" to the attorneys of record in this case.

/s/ *Joseph J. Lombardo*